IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

ARTHUR B. COLEMAN, #37760-037       :

   Plaintiff                                       :

      v.                                              :            Civil Action No: PJM-05-3023

HOLLIS WEISMAN, et al                      :

   Defendants                                   :
                             . . .o0o. . .

**MEMORANDUM**

Before the Court is a pro se 42 U.S.C. § 1942 complaint filed by Arthur Coleman, a federal inmate, in which he names as defendants United States District Court Judge Alexander Williams, Jr., United States Magistrate Judge Thomas M. DiGirolamo, and Assistant United States Attorney (AUSA) Hollis Weisman. Plaintiff has neither submitted the civil filing fee nor a motion for leave to proceed in forma pauperis. For the limited purpose of preliminary review, the Court will grant Petitioner leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Upon initial review of the complaint, the Court determines that it must be dismissed sua sponte for failure to state a claim upon which relief may be granted. See  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**I. BACKGROUND**

In this complaint, Plaintiff contends that Defendants violated his constitutional rights at various stages of criminal proceedings in which he was the defendant. In regard to Judge Williams, Plaintiff complains that Judge Williams: "denied" his untimely appeal; denied two other motions without "adjudicating the facts on the grounds that the court was without jurisdiction to entertain the

motions;" and on May 11, 2005, denied his 28 U.S.C. § 2255 motion in another case. Paper No. 1.[1] Plaintiff alleges that Judge DiGirolamo sentenced him in error and improperly ordered him to pay restitution to his victims. Paper No. 1.

In regard to AUSA Weisman, Plaintiff complains that she charged him in a "multiplicious criminal information" of one count of theft under 18 U.S.C. § 661 and a second count under the same provision of the statute.[2] Paper No. 1. This, he contends, is "malicious prosecution." Id. According to Plaintiff, AUSA Weisman should have charged him under a different statute. See id.

## II. STANDARD FOR SUA SPONTE DISMISSAL

The Court is obliged to screen complaints in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and dismiss sua sponte any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In evaluating the sufficiency of a pro se complaint, the Court is mindful to interpret it liberally in favor of the plaintiff. See Haines v. Kerner 404 U.S. 519, 520 (1972). A pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 54-46 (1957).

---

[1] Plaintiff apparently refers to Coleman v. United States, Civil Action No. AW-04-2727 (D. Md.).

[2] Plaintiff entered a plea of guilty before Judge DiGirolamo in Criminal Case No. 04–3499M. Plaintiff pleaded to one count of Theft of Government Property in violation of 18 USC § 661 and one count of Attempted Theft of Government Property in violation of 18 U.S.C. § 661.

### III. ANALYSIS

As a general rule, judges acting in their judicial capacity are absolutely immune from suit under the doctrine of judicial immunity. See Mireless v.Waco, 502 U.S. 9,9 (1991). Judicial officers are immune from liability for their judicial acts unless done in the clear absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 356 (1987); Chu v.Griffith, 771 F.2d 79 (4th Cir. 1985). Judicial immunity can be surmounted only for actions not taken in a judicial capacity, see Pierson v Ray, 386 U.S. 547, 554 (1967), or for actions taken in a complete absence of all jurisdiction. See Mireless, 502 U.S. at 11-12.  Here, Plaintiff takes issue with various decisions made by Judges Williams and DiGirolamo in cases in which he was the criminal defendant.  Plaintiff does not allege that either judge acted beyond the scope of his judicial authority. Further, Plaintiff does not allege that the decisions were made in the absence of jurisdiction. Indeed, the decisions about which Plaintiff complains are precisely those which a judge routinely makes during the course of judicial proceedings.  Although Plaintiff may disagree with decisions rendered in his criminal cases, there has been no infringement of his constitutional rights.  For these reasons, Judge Williams and Judge DiGirolamo are absolutely immune from the claims asserted by Plaintiff, and the claims will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

A prosecutor's decision to go forward with a prosecution is also protected by the doctrine of absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Springmen v. Willliams, 122 F.3d 211, 212 (4th Cir. 1997).  The actions about which Plaintiff complains were undertaken by AUSA Weisman in preparation for the initiation of judicial proceedings and occurred in the course

3

of her role as advocate.³   Accordingly, this claim will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A separate Order follows.

  11/21/05             /s/          
Date                                                 PETER J. MESSITTE
                                                UNITED STATES DISTRICT JUDGE

---

³To the extent Plaintiff might be seeking to invalidate his criminal conviction through litigation of his claims that his prosecution was somehow illegal, claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned. See Heck v. Humphrey, 512 U. S. 477 (1994).